# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 14-1332  Fraternal Order of Police v. WMATA |
| **Originating No. & Caption** | 1:12-cv-01387-LMB  Fraternal Order of Police v. WMATA |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | June 20, 2013; March 27, 2014 |
| Date notice of appeal or petition for review filed | April 7, 2014 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | July 18, 2013 |
| Date order entered disposing of any post-judgment motion | March 27, 2014 |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ⦿ Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.)

| Is settlement being discussed? | ○ Yes | ⦿ No |
|---|---|---|

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ● Yes | ○ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ● Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiff FOP sued Defendant WMATA seeking to force WMATA to reinstate two WMATA Transit Police officers who were denied recertification to conduct police activities in Maryland by the Maryland Police Training Commission ("MPTC") after their initial terminations were overturned through arbitration.  Pursuant to the initial arbitration decisions, WMATA had placed the two officers on paid administrative leave while their request for recertification by MPTC was considered.  Any police officer must maintain certification with MPTC in order to conduct police activity in Maryland under Maryland law.  Following a hearing, MPTC denied the officers' requests for recertification, and WMATA terminated them a second time because they could not conduct police activities in Maryland and WMATA requires its officers to be able to conduct police activity in all three of its Signatory jurisdictions.  Neither Plaintiff nor the officers sought judicial review of the MPTC's denial of recertification in a Maryland state circuit court, as provided by statute.  In the instant case, the district court granted Plaintiff's motion for summary judgment, and denied WMATA's summary judgment motion.  The district court denied WMATA's timely motion for reconsideration. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| (1) Whether WMATA is immune from challenge to its requirement that its Transit Police officers must be able to conduct police activity in all three of its Signatory jurisdictions?<br>(2) Whether the district court erred in granting summary judgment for Plaintiff where the Board of Arbitration in the Benton matter held that it lacked jurisdiction to determine whether that officer could return to work after MPTC denied recertification, and, as such, constitutes a matter of management rights?<br>(3) Whether Plaintiff's case fails because Plaintiff and the officers failed to seek judicial review of the MPTC's decisions not to recertify the officers in a Maryland circuit court, as required by Md. Pub. Safety Code Ann. 3-212, Md. State Gov't 10-222 and 10-222.1, and Md. Civ. R. 7-203?<br>(4) Whether the district court misconstrued the record in holding that WMATA failed to comply with the arbitration decisions, where the officers were placed on paid administrative leave pending the offficers' MPTC recertification request?<br>(5) Whether MPTC is an indispensable party for Plaintiff's claims? |

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: Fraternal Order of Police | Adverse Party: |
|---|---|
| Attorney: Jonathon G. Axelrod<br>Address: 1625 Massachusetts Ave., N.W.<br>Suite 500<br>Washington, D.C. 20036 | Attorney:<br>Address: |
| E-mail: jaxelrod@beinsaxelrod.com | E-mail: |
| Phone: 202-328-7222 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| Appellant (Attach additional page if necessary.) ||
|---|---|
| Name: Washington Metro. Area Transit Authority<br><br>Attorney: Gerard J. Stief<br>Address: Office of General Counsel--WMATA<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br><br>E-mail: gstief@wmata.com<br><br>Phone: 202-962-1463 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| | |
|---|---|
| **Signature:** /s/ Gerard J. Stief | **Date:** April 18, 2014 |
| **Counsel for:** Appellant WMATA ||

**Certificate of Service**: I certify that on ___April 18, 2014___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| | |
| Signature: /s/ Gerard J. Stief | Date: April 18, 2014 |